IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.     CR No. 19-0848 KG

DAVID A SAAVEDRA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Compassionate Release/Reduction in Sentence, filed May 19, 2020. (Doc. 36). Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He alleges the COVID-19 pandemic poses an unreasonable risk of harm in federal prison. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

*I. Background*

On May 20, 2019, Defendant pled guilty to Distribution of 5 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 20). On February 4, 2020, the Court sentenced him to 36 months imprisonment, followed by three years of supervised release. (Doc. 34). The sentence was a significant departure from the guideline range of 63 to 78 months. (Doc. 23) at 13. Defendant has been serving his sentence at the Otero County Prison Facility (Otero). It appears he was not transferred to a federal Bureau of Prisons (BOP) facility after sentencing due to the COVID-19 pandemic.

On May 19, 2020, Defendant filed a counseled Motion seeking compassionate release due to COVID-19. (Doc. 36). Defendant argues, and the United States agrees, that he cannot exhaust administrative remedies because he is not in BOP custody. (Doc. 36) at 5; (Doc. 37) at

3. He states he is prescribed medication for diabetes, hypertension, high cholesterol, and heartburn. (Doc. 36) at 2. Defendant further states he experiences partial paralysis due to a past stroke and has bone spurs on his foot from a broken ankle. *Id.* He was also hospitalized in 2019 due to weakness and the inability to walk and has previously experienced chest pain with an abnormal EKG. *Id.* If release, he plans to live with his daughter. *Id.* at 21. The Bureau of Prisons Inmate Locator reflects that Defendant is 54 years old, and his release date is October 21, 2021. *See* https://www.bop.gov/inmateloc/.

## II. Discussion

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ." 18 U.S.C. § 3582(c)(1)(A). The Court assumes the exhaustion requirement is not relevant here, as both parties agree the BOP will not entertain a request at this time.

Compassionate release is available where the sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). As to the first requirement, Congress directed the Sentencing Commission

to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1. The Application Notes to U.S.S.G. § 1B1.13 describe two categories of extraordinary medical impairments. The first category applies to prisoners 65 or older who have served at least 10 years (or 75%) of their sentence and are experiencing "serious deterioration … because of the aging process." U.S.S.G. § 1B1.13, app. note. The second category applies to any prisoner "suffering from a terminal illness" or "a serious … medical condition that substantially diminishes the ability … to provide self-care within the environment of the correctional facility." *Id.*

Defendant contends the U.S.S.G. § 1B1.13 is a non-exclusive list, and the Court has authority to find extraordinary and compelling circumstances based on COVID-19. (Doc. 36) at 10. This argument is mostly academic. Whether the pandemic fits within U.S.S.G. § 1B1.13, or constitutes a distinct circumstance, many courts have found "extraordinary and compelling reasons" for release based on underlying health conditions and COVID-19. *See United States v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes). However, "the mere

3

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at *1 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

Here, Defendant contends he has two conditions (diabetes and hypertension) and that he previously suffered from a stroke and cardiovascular symptoms. The Center for Disease Control (CDC) states that these conditions increase his risk of complications and death from COVID-19. *See https://www.cdc.gov/coronavirus/2019-ncov/*. Otero has also experienced a substantial outbreak of COVID-19 cases. The New Mexico Department of Health COVID-19 Tracker reflects the Otero federal facility has had a total of 279 COVID-19 cases. *See* https://cvprovider.nmhealth.org/public-dashboard.html. Otero appears to have largely controlled the outbreak, reporting about three new cases in the first week of August 2020. *Id.* However, given Defendant's underlying conditions, the Court finds extraordinary circumstances favor his release.

Even if Defendant satisfies the first prong of the test, he must demonstrate he is not a danger to the community and that the Section 3553(a) factors favor release. *See United States v. Carter*, 2020 WL 3051357, at *3 (S.D.N.Y.) (Section 3553(a) factors did not justify early release despite extraordinary and compelling reasons); *Easter v. United States*, 2020 WL 3315993, at *4 (E.D. Va.) (same); *United States v. Sears*, 2020 WL 3250717, at *2 (D.D.C.) (denying motion based on Section 3553(a) factors, despite petitioner's diabetes and hypertension). The community safety analysis focuses on the nature of the offense, the history and characteristics of the

defendant, and the nature of the danger. U.S.S.G. § 1B1.13(2). (incorporating the 18 U.S.C. § 3142(g) factors). Section 3553(a) incorporates some of these factors and also focuses on deterrence, the guideline range, and the need to avoid unwarranted sentence disparities among similar offenders. 18 U.S.C. § 3553(a).

After evaluating these factors and the record, the Court declines to grant compassionate release in this case. The United States presented evidence that Defendant continued to traffic drugs during the pandemic. An Otero Incident Report reflects that on April 23, 2020, prison officials discovered 113 strips of suboxone in a package addressed to Defendant. (Doc. 40) at 9. The drugs were concealed in a pair of orthopedic shoes, and Defendant was placed in restrictive housing. *Id.* Defendant's reply contains a brief denial of any trafficking activities. (Doc. 38) at 2. However, compassionate release is a discretionary remedy and does not require the same burden of proof as a pre-conviction case. *See Rodriguez-Aguirre v. Hudgins*, 739 Fed. App'x 489, 491 (10th Cir. 2018) (compassionate release is reviewed for abuse of discretion). Based on the records provided by the United States, the Court finds Defendant poses a high risk for recidivism if released. The Court also notes that it already varied downward by nearly 50%, in light of Defendant's medical issues. Permitting him to serve 16 months of his sentence, with a guideline range of 63 to 78 months, would undermine the need for deterrence and create unwanted sentence disparities. Accordingly, the Court will the deny the Motion.

IT IS ORDERED that Defendant's Motion for Compassionate Release (Doc. 36) is denied.

_____
UNITED STATES DISTRICT JUDGE